IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| INSURANCE CORPORATION OF HANNOVER, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 04-1012-CV-W-SOW |
| VANTAGE PROPERTY MANAGEMENT, L.L.C. d/b/a BEST WESTERN OF K.C. SOUTH, | ) ) ) ) | |
| Defendant. | ) | |

ORDER

Before the Court are defendant's Motion for Referral of Case to Bankruptcy Court (Doc. #10) and plaintiff's Motion to Dismiss Counts III and IV of Defendant's Counterclaim (Doc. #15). Both motions have been fully briefed by the parties. For the reasons stated below, defendant's motion is denied and plaintiff's motion is granted in part and denied in part.

I. Defendant's Motion for Referral of Case to Bankruptcy Court

Defendant Vantage Investments, Inc., d/b/a Best Western of Kansas City South (hereinafter referred to as "Vantage") moved the Court to refer this case to the Bankruptcy Court for the Western District of Missouri. Plaintiff Insurance Corporation of Hannover ("Hannover") filed Suggestions in Opposition stating that it was opposed to a referral of the case because both parties have requested a jury trial. In order for the bankruptcy judge to preside over a jury trial, both parties must consent. 28 U.S.C. §157(e); Donato v. Metropolitan Life Ins. Co., 230 B.R. 418 (N.D. Cal. 1999).

Plaintiff Hannover states that it does not consent to trying this case in the Bankruptcy

Court. Therefore, defendant's Motion for Referral must be denied.

    II.  <u>Plaintiff's Motion to Dismiss Counts III and IV of Defendant's Counterclaim</u>

Defendant Vantage has filed a Counterclaim in this case which alleges the following claims: "Action for Policy Proceeds," with a request for vexatious damages (Count I); "Action for Breach of Insurance Policy" (Count II); "Independent tort of intentional breach of contract," with a request for punitive damages (Count III); and "Tortuous Interference with Business Expectancy" (Count IV). All of these claims arise solely out of plaintiff Hannover's denial of defendant's claim on insurance policy number H580100466.

Plaintiff moves to dismiss Counts III and IV of defendant's Counterclaim pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Plaintiff argues that an insurance company's denial of coverage is actionable only as a breach of contract and, where appropriate, the insured may assert a claim for vexatious refusal to pay. Plaintiff relies on <u>Overcast v. Billings Mut. Ins. Co.</u>, 11 S.W.3d 62, 69 (Mo. 2000).

In <u>Overcast</u>, an insured asserted claims for "(1) damages for breach of contract; (2) penalties and attorneys' fees under the vexatious refusal to pay statute; and (3) actual and punitive damages for defamation." 11 S.W.3d at 65. On appeal, the insurance company argued that Missouri's vexatious refusal to pay statute, § 375.420, Mo. Rev. Stat., preempted and excluded any other remedies that the insured might have against the insurance company. <u>Id</u>. at 66. The Missouri Supreme Court held that the Missouri statute on vexatious refusal to pay did not preempt other claims. <u>Id</u>. at 68.

The Missouri Supreme Court found that the insured's tort claim for defamation was "not dependent on the elements of the contract claim. Indeed it would be possible for the insurance

company to defame Overton even in a situation where it had decided to pay his claim." Id. The Court concluded that Section 375.420, Mo. Rev. Stat., does not "immunize insurers against all other claims made by an insured for any conduct occurring during a claim determination." Id. While "an insurance company's denial of coverage itself is actionable *only* as a breach of contract and, where appropriate, a claim for vexatious refusal to pay," this does not mean that all other tort claims against an insurance company are barred. Id. at 69 (emphasis added).

In Count III of defendant's Counterclaim, defendant has alleged the tort of intentional breach of contract. It appears that defendant is attempting to convert a breach of contract claim into an intentional tort claim for the purpose of collecting punitive damages. In fact, defendant has already asserted a breach of contract claim (Count II) and a claim for damages based upon vexatious refusal to pay (Count I). As stated in Overton, the denial of coverage is actionable only as a breach of contract claim and, where appropriate, a claim for vexatious refusal to pay. Defendant's alleged claim for intentional breach of contract is not based on conduct distinct from its breach of contract claim. Therefore, Count III of defendant's Counterclaim must be dismissed.

In contrast, defendant's claim for Tortuous Interference with Business Expectancy includes additional elements. This claim could be brought independently from a breach of contract claim. The Court will allow Count IV of defendant's Counterclaim to remain.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that defendant's Motion for Referral of Case to Bankruptcy Court (Doc. #10) is denied. It is further

3

ORDERED that plaintiff's Motion to Dismiss Counts III and IV of Defendant's Counterclaim (Doc. #15) is granted in part and denied in part. It is further

ORDERED that plaintiff's Motion to Dismiss Count III of defendant's Counterclaim is granted. It is further

ORDERED that plaintiff's Motion to Dismiss Count IV of defendant's Counterclaim is denied.

    /s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated:<u>4-26-05</u>