IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| INSURANCE CORPORATION<br>OF HANNOVER,<br><br>         Plaintiff,<br><br>vs.<br><br>VANTAGE PROPERTY<br>MANAGEMENT, L.L.C. d/b/a<br>BEST WESTERN OF K.C. SOUTH,<br><br>         Defendant. | No. 04-1012-CV-W-SOW |

ORDER

Before the Court are Fourth Party Defendant Site Inspection, LLC's Motion to Dismiss Fourth Party Complaint for Failure to State a Claim Upon Which Relief May be Granted (Doc. #90), Site Inspection, LLC's Suggestions in Support, Klein Insurance Services, Inc.'s Opposition, Site Inspection, LLC's Reply, and Klein Insurance Services, Inc's Sur-Reply. For the reasons stated below, Site Inspection, LLC's motion is denied.

I. Background

Fourth Party Defendant Site Inspections, LLC ("Site") moves to dismiss Fourth-Party Plaintiff Klein Insurance Services, Inc's ("Klein") Fourth Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. Klein has filed two claims against Site. First, Klein alleges that Site negligently inspected a Best Western hotel in Kansas City, Missouri. Second, Klein asserts a right of indemnification, or contribution, from Site if Klein is found liable to defendant Vantage Property Management ("Vantage"). Site argues that both claims are barred by Section 375.066, Mo. Rev. Stat.

It is undisputed that Klein retained Site to inspect the hotel at issue so that Klein could determine whether to issue an insurance policy to defendant Vantage on behalf of plaintiff Insurance Corporation of Hannover ("Hannover"). Site's inspection occurred in December of 2003. Klein claims that Site's report represented that the hotel's "Fire Alarm Type" was "Central Station." This information was used to assess the risk and issue a policy.

On August 10, 2004, a fire damaged the hotel. Plaintiff Hannover has alleged that an exclusion applies, precluding coverage for any damages to the hotel caused by the August 10, 2004 fire, namely that the nonexistence of a central station fire alarm was a violation of Vantage's duty to maintain protective safeguards for the hotel and, because of the inspection report which indicated to the contrary, a concealment of material fact in the procurement of the policy.

Vantage claims that it never told Hannover that the hotel's fire alarm was central station monitored and that if such statements were made, they were made by Klein and/or its agents or brokers. Vantage alleges that Klein knew or should have known that no central station alarm existed because Klein commissioned Site to inspect the hotel.

Therefore, Klein has now filed its Fourth Party Complaint against Site, alleging that if it is found to have owed a duty to Vantage, then Site had a duty to Klein to accurately inspect the hotel.

## II. Standard

In evaluating a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), the issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence in support of its claims. Iowa Health System v.

Trinity Health Corp., 177 F. Supp.2d 897, 909 (N.D. Iowa 2001). When considering a Rule 12(b)(6) motion, the Court must assume that all the facts alleged in the complaint are true and must construe the allegations in the light most favorable to the plaintiff. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

III. Discussion

Site argues that Klein's claims against it are barred by Section 375.006, Mo. Rev. Stat. Section 375.006 states:

> ***There shall be no liability on the part of, and no cause of action of any nature shall arise against***, the director of insurance or against any insurer, its authorized representative, its agents, its employees, or ***any firm, person or corporation furnishing to the insurer information as to reasons for cancellation or nonrenewal, for any statement made by any of them in any written notice of cancellation or nonrenewal, or in any other communication, oral or written, specifying the reasons for cancellation or nonrenewal, or the providing of information pertaining thereto***, or for statements made or evidence submitted at any hearings conducted in connection therewith.

(Emphasis added).

Site claims that the sole use of its report was to determine whether Hanover's policy with Vantage should be cancelled. This leads Site to conclude that it cannot be sued because of the provisions of Section 375.006, Mo. Rev. Stat.

Klein responds that Site's hotel inspection report was not used to cancel or evaluate the renewal of Vantage's policy. Rather, as alleged in Klein's Fourth Party Complaint, the challenged information was used "to underwrite the risk, and to determine if the insurance policy would be issued." Klein's claims do not pertain to cancellation or non-renewal of a policy. Site has not provided any evidence to the contrary. Therefore, Klein argues that Section 375.006,

3

Mo. Rev. Stat., is irrelevant. This Court agrees.

IV. <u>Conclusion</u>

For the reasons stated above, it is hereby

ORDERED that Fourth Party Defendant Site Inspection, LLC's Motion to Dismiss Fourth Party Complaint for Failure to State a Claim Upon Which Relief May be Granted (Doc. #90) is denied.

/s/Scott O. Wright<br>
SCOTT O. WRIGHT<br>
Senior United States District Judge

Dated: <u>April 20, 2006</u>