IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| INSURANCE CORPORATION OF HANNOVER, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 04-1012-CV-W-SOW |
| VANTAGE PROPERTY MANAGEMENT, L.L.C. d/b/a BEST WESTERN OF K.C. SOUTH, | ) ) ) ) | |
| Defendant. | ) | |

ORDER

Before the Court are plaintiff's Motion to Quash Defendant Vantage Investments, Inc.'s Subpoena of Berkley Risk Administration (Doc. #99), plaintiff's Suggestions in Support, and defendant's Suggestions in Opposition. No reply brief was filed and the time for filing a reply brief has expired. For the reasons stated below, plaintiff's motion is denied.

Plaintiff Insurance Corporation of Hannover ("Hannover") asks this Court to quash a subpoena issued to Berkley Risk Administration ("Berkley") by defendant Vantage Investments, Inc. ("Vantage"). Defendant Vantage subpoenaed Berkley, Hannover's third-party administrator, to produce and permit inspection and copying of certain documents relating to communications made by an attorney for Berkley as well as other documents. Berkley is the third party administrator of plaintiff and acts at the behest of and for plaintiff in connection with this lawsuit.

Hannover claims that Berkley does not possess any of the requested documents at its office in Overland Park, Kansas. Hannover argues that pursuant to Federal Rule of Civil

Procedure 45( c)(3)(A), Berkley cannot be required to produce the documents to Vantage at Vantage's counsel's office. Berkley is a non-party and its place of business is in the State of Iowa, beyond the 100 mile limit set forth in Federal Rule of Civil Procedure 45( c)(3)(A). Berkley did not object to defendant Vannorver's subpoena within fourteen days as required by Federal Rule of Civil Procedure 45( c)(B). In fact, Berkley has not objected to the subpoena at all. At this point, Berkley has waived any objection to the subpoena and Hannover lacks standing to make an objection on behalf of Berkley based upon the 100-mile radius rule.

In addition, Hannover argues that the subpoena seeks disclosure of material protected by the attorney-client privilege and attorney work-product doctrine because Berkley continues to act as a third-party administrator for Hannover in connection with this lawsuit. Plaintiff Hannover states that it has already produced Berkley's file, other than documents protected by the attorney-client and work-product privileges.

Vantage states that plaintiff Hannover produced a privilege log on January 25, 2006; however, it does not enable the parties to assess the applicability of the privilege being asserted. Vantage admits that its subpoena requests the documents listed in plaintiff's privilege log. The subpoena also requests additional documents, such as Berkley's claims manuals, policies, and guidelines. These documents do not appear in the privilege log.

Plaintiff Hannover's privilege log is insufficient. In addition, the documents requested by Vantage's subpoena were prepared by plaintiff and Berkley in the ordinary course of business. Berkley was engaged to investigate the fire and claim. Documents prepared by Berkley pursuant to the investigation are not protected.

Defendant Vantage has shown substantial need for these documents in order to assess its

vexatious refusal claim and the reasonableness of plaintiff's decisions in denying coverage and filing this declaratory judgment action.

Accordingly, it is hereby

ORDERED that plaintiff's Motion to Quash Defendant Vantage Investments, Inc.'s Subpoena of Berkley Risk Administration (Doc. #99) is denied.

/s/Scott O. Wright
SCOTT O. WRIGHT
Senior United States District Judge

Dated: April 26, 2006